GARDNER HOWARD *vs.* OSCAR B. HARRINGTON *et al.*

JUNE 4, 1906

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Wills.  Lapsed Devises.*

Gen. Laws cap. 203, § 31, provides, "when any person to whom any real or personal estate shall be devised, or bequeathed for any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, but shall take effect and operate as a devise or bequest from such testator to such issue in such proportions as the estate of such devisee or legatee would go to them had he died intestate immediately after the death of the testator, unless a contrary intention shall appear by the will.":— *Held*, that, where a will left all the testator's estate, after the payment of debts and funeral and administration expenses, to his wife, who died, leaving no issue, prior to decease of testator, the case did not come within the above provisions and the devise lapsed.

BILL IN EQUITY seeking construction of will certified by the Superior Court under provisions of section 338 of the court and practice act.

PER CURIAM. This bill, which was certified to us by the Superior Court, under the provisions of section 338 of the court and practice act, involves the construction of the will of Job T. Burgess, who died April 21, 1904. The will by its terms left all the testator's estate, after the payment of debts and funeral and administration expenses, to his wife, Cynthia W. Burgess, who died, leaving no issue, April 15, 1904. The case does not come within the provision of Gen. Laws cap. 203, § 31, and this devise consequently lapsed—1 Jar. Wills *307; *Fiske* v. *Fiske*, 26 R. I. 509, 515—and the estate of Job T. Burgess passed as undevised property to Oscar B. Harrington, his sole heir at law and next of kin.

The cause will be remanded to the Superior Court for entry of a decree in accordance with this opinion.

*Dexter B. Potter*, for complainants.

*Page and Page and Cushing, Job S. Carpenter, John A. Tillinghast and Edward A. Stockwell*, for various respondents.